## Commonwealth *v.* Shields, Appellant (No. 2).

*See 50 Pa. Superior Ct. 194*

Morrison, J., dissenting:

After a careful consideration of the elaborate charge of the learned court below, which covers sixteen closely printed pages of the paper-book, and the elaborate opinion of our able president judge, I find myself still laboring under a strong conviction that the defendant was unjustly and illegally convicted and sentenced by the court below. The facts in the case are very simple and easily understood, and judging from the charge of the court below and the opinion of a majority of this court it would seem that the law is not very plain which has been resorted to to brand this defendant as a criminal and remove him from his office of sheriff of Westmoreland county.

Six several persons were found guilty before a magistrate of trespassing upon lands in violation of the Act of April 14, 1905, P. L. 169, which reads as follows: "Section 1. Be it enacted, etc., That from and after the passage of this act, it shall be unlawful for any person willfully to enter upon any land, within the limits of this commonwealth,

where the owner or owners of said land has caused to be prominently posted upon said land printed notices that the said land is private property, and warning all persons from trespassing thereon, under the penalties provided in this act.

"Section 2. Every person violating the provisions of this act shall be liable to a penalty of not exceeding ten dollars, together with the costs of prosecution, to be recovered before any magistrate or justice of the peace, as fines and penalties are by law recoverable; and, in default of payment of said fine and costs, the party convicted shall be committed to the county jail of the proper county, for one day for each dollar of fine imposed.

"Section 3. All penalties recovered under this act shall be paid to the school fund of the district in which the trespass was committed."

The magistrate fined each defendant in the sum of $5.00 and costs, and committed him to the jail of Westmoreland county for the period of five days, and the sheriff, as charged in the indictments, permitted such offenders to escape from the jail without the payment of the fines and costs and without lawful authority. For so doing he was indicted, tried and convicted, and sentenced to undergo an imprisonment in the penitentiary by separate or solitary confinement at labor for the period of one year and one calendar month and dismissed from his office as sheriff of Westmoreland county, etc.

The conviction was under the first count of the indictment, the defendant being found not guilty under the second count. In order to sustain this conviction the commonwealth is forced to the position that the sheriff violated the fifth section of the Act of March 31, 1860, P. L. 385. This section may also be found in Stewart's Purdon's Digest (13th ed.), p. 946, and it reads as follows: "Section 5. If any sheriff, coroner, keeper of any jail, constable or other officer, having any offender, convicted or accused of any crime, in his lawful custody for such crime, shall voluntarily permit or suffer such offender to

escape and go at large, every such sheriff, coroner, keeper of jail, constable or other officer so offending, shall be guilty of a misdemeanor, and on conviction, be sentenced to pay a fine not exceeding five hundred dollars, and to undergo an imprisonment, by separate or solitary confinement at labor, or by simple imprisonment, not exceeding five years, and shall moreover by the said sentence be dismissed from office."

It will be noted that the above section provides that the person or persons permitted to escape must be in the lawful custody of the sheriff or other officer convicted or accused of a crime. Now, turning for a moment to the indictment, it does not charge that the persons for whose escape the defendant is held liable in this case, had been convicted of a crime within the meaning of the fifth section of the act of March 31, 1860.

That act provides that if "any sheriff having any offender, convicted or accused of any crime, in his lawful custody for such crime, shall voluntarily permit or suffer such offender to escape," etc., he shall be guilty of a misdemeanor.

The indictment charges that they were held on conviction "of the offense of willful trespass," but there is no crime at common law or by statute designated as "willful trespass." Every trespass intentionally committed is willful, and many forms of that offense exist which are not in any legal sense criminal.

The indictment should be self-sustaining and exhibit a state of facts to which the act of 1860 would apply. Nothing should be left to guess in the definition of the charge. The defect is not formal, but a matter of substance. The persons named could have been in the lawful custody of the sheriff for "willful trespass" growing out of a transaction in no sense a crime, and the indictment does not inform us, either by name of the offense, or by a statement of the facts, whether the transaction was criminal or not. Therefore, the indictment does not support the judgment.

Unless the position taken by the court below, which is about to be affirmed by the majority of this court, is correct that a person who is guilty of trespassing, as by walking across posted lands, is guilty of a crime under the act of April 14, 1905, then this defendant is illegally convicted and the judgment should be reversed and he should be discharged. A careful reading of said act of assembly does not disclose to me a legislative intent to change what was formerly a common-law trespass into a crime. I think if the legislature had intended to make a simple trespass upon the land of another a crime so that an officer having such a defendant in his keeping and permitting him to escape should be visited with the very serious penalties imposed by the fifth section of the act of March 31, 1860, it would have been made to appear with such clearness that it would not require a charge of sixteen printed pages to submit the question of whether or not the defendant was guilty to a jury. I have always understood the law to be that if there is a reasonable doubt of the defendant's guilt, either as to fact or law, or as to both, he should be acquitted.

It is not my purpose to enter into a discussion in reply to the able opinion of our president judge representing the views of the majority of this court. I only mean to place in the record the leading thoughts which cause me to dissent.

Both the court below and a majority of this court attach importance to our opinion in Commonwealth v. Burford, 38 Pa. Superior Ct, 201, and all I have to say at present in regard to that case is that I never gave it such meaning as is now attributed to it and if I had so understood it, I would never have consented to its adoption. If it is an authority for holding that a simple trespass on posted lands is a serious crime, I am in favor of modifying that decision. It is conceded that the sentence in the present case is wrong and the majority of our court propose to reverse it and allow the court below to resentence the defendant to the penitentiary and to remove him from his

office of sheriff. The latter portion of the sentence will only harm the defendant by the humiliation it puts upon him, because I understand his term of office ended on the first Monday of January, 1912.

Instead of reversing the judgment and remitting the record to the court below to enter a new sentence, I would reverse the judgment and discharge the defendant without day.

HENDERSON, J., authorizes me to say that he concurs in this dissent.